```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**NATIONAL CORPORATE TAX CREDIT FUND VII**
**AND NATIONAL CORPORATE TAX CREDIT, INC. VII**                **PLAINTIFFS**

**VS.**                                        **CIVIL ACTION NO. 3:04-CV-559BN**

**CURT BUSCHING AND G. C. CORP., INC.**                        **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on the Motion of Defendants Curt Busching and G. C. Corp., Inc. to Join Indispensable Party as Defendant. Having considered the Motion and Response, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

This cause of action arises out of an alleged breach of contract. In February 1998, Plaintiffs and Defendants entered into a contractual agreement whereby Plaintiffs acquired ownership interest in Genesis Court, L.P. Genesis Court, L.P. was the title holder of an apartment complex located in Yazoo City, Mississippi known as Genesis Court, and/or River Oak Village (hereinafter "apartment complex"). Plaintiffs allege that Defendants were to satisfy an outstanding deed of trust on the apartment complex property prior to completing transfer of title pursuant to the subject contract. Defendants allegedly failed to satisfy the deed of trust, but the contract was nevertheless consummated.

In early 2004, Beverly Gartin Busching, Executrix of the Estate of Harold W. Busching (hereinafter "Estate"), purportedly acquired an interest in the deed of trust. Thereafter, the Estate initiated a power of sale foreclosure proceeding under the deed of trust. Pursuant to the power of sale foreclosure proceeding, all right, title and interest in the apartment complex was purportedly conveyed to the Estate. Aggrieved by Defendants' failure to satisfy the deed of trust prior to closing on the contract, Plaintiffs filed the subject suit with this Court on July 22, 2004.

The subject Motion to Join Indispensable Party was filed by Defendants on November 9, 2005. Through this Motion, Defendants seek to join AIMCO, Plaintiffs' property management company, as an indispensable party. Defendants contend that AIMCO, rather than Defendants themselves, is the true party which is responsible for Plaintiffs' damages.

Plaintiffs' argument on this issue is summarized by the following quote: "AIMCO's alleged status as a joint tortfeasor, and/or being the 'correct' defendant that Plaintiffs *should* have sued, does not qualify AIMCO as an indispensable party under F.R.C.P. 19(a)." Plaintiffs' Response to Defendants' Motion (docket entry no. 37), p. 2 (emphasis in original). The Court agrees with Plaintiffs. See August v. Boyd Gaming Corp., 135 Fed. App'x 731, 733 (5th Cir. 2005)(citation omitted)(reiterating Supreme Court

precedent that "joint tortfeasors are not necessary parties as a matter of law").  The subject Motion must be denied.

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendants Curt Busching and G. C. Corp., Inc. to Join Indispensable Party as Defendant (docket entry no. 35) is hereby denied.

SO ORDERED this the 14th day of December, 2005.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct