```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**NATIONAL CORPORATE TAX CREDIT FUND VII**
**AND NATIONAL CORPORATE TAX CREDIT, INC. VII**              **PLAINTIFFS**

**VS.**                                         **CIVIL ACTION NO. 3:04-CV-559BN**

**CURT BUSCHING AND G. C. CORP., INC.**                       **DEFENDANTS**


### OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion to Dismiss Defendants' Amended Answer and Counter-Claim, which was filed with the Clerk of the Court on November 29, 2005.  Having considered the Motion, Response and Rebuttal, the Court finds that the Motion is well taken in part and should be granted in part, and that it is not well taken in part and should be denied in part.

### I. Factual Background

This cause of action arises out of an alleged breach of contract.  In February 1998, Plaintiffs and Defendants entered into a contractual agreement whereby Plaintiffs acquired ownership interest in Genesis Court, L.P.  Genesis Court, L.P. was the title holder of an apartment complex located in Yazoo City, Mississippi known as Genesis Court, and/or River Oak Village (hereinafter "apartment complex").  Plaintiffs allege that Defendants were to satisfy an outstanding deed of trust on the apartment complex property prior to completing transfer of title pursuant to the

subject contract. Defendants allegedly failed to satisfy the deed of trust, but the contract was nevertheless consummated.

In early 2004, Beverly Gartin Busching, Executrix of the Estate of Harold W. Busching (hereinafter "Estate"), purportedly acquired an interest in the deed of trust. Thereafter, the Estate initiated a power of sale foreclosure proceeding under the deed of trust. Pursuant to the power of sale foreclosure proceeding, all right, title and interest in the apartment complex was purportedly conveyed to the Estate. Aggrieved by Defendants' failure to satisfy the deed of trust prior to closing on the contract, Plaintiffs filed the subject suit with this Court on July 22, 2004.

## II. Analysis

Plaintiffs technically seek the dismissal of Defendants' Amended Answer and Counter-Claim.[1] From a practical standpoint, Plaintiffs seek dismissal of the three claims asserted against them in the Counter-Claim.

Plaintiffs assert that Defendants' Amended Answer and Counter-Claim must be dismissed because they failed to seek leave of the Court file the amended pleading. This argument is not well taken. The Amended Answer and Counter-Claim was filed on November 9, 2005, the deadline set by Magistrate Judge Alfred G. Nicols for amendments to pleadings. See Text Order filed on November 1, 2005. The Text

---

[1] The Amended Answer and the Counter-Claim is filed under docket entry no. 34.

Order was entered to address Defendants' Motion to Amend the Case Management Order, in which Defendants clearly indicated that they might file a counter-claim.

Plaintiffs next attack the specifics of the three counts in the Counter-Claim. The counts are: count one, breach of the covenant of good faith and fair dealing; count two, fraud; and count three, breach of contract. Plaintiffs seek dismissal of counts one and three for failure to state a claim for which relief may be granted, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal of count two is sought under Rule 9(b) for failure to state fraud with particularity.

Regarding counts one and three, Plaintiffs argue that Defendants have no standing to bring the claims and that they failed to allege damages suffered as a result of the activity underlying the claims. To the extent that Defendants have not asserted any damages as a result of the alleged wrongful conduct underlying count three, the Court agrees with Plaintiffs. See Amended Answer and Counter-Claim, p. 3, ¶ 14 (stating that "[t]he subject breaches are the proximate cause of the _Plaintiff's_ alleged financial loss." (emphasis added)). Defendants obviously cannot sue to recover damages suffered by Plaintiffs. Count three must be dismissed.

A different conclusion is reached with regard to count one, breach of the covenant of good faith and fair dealing. Plaintiffs and Defendants were members of a partnership. A copy of the

partnership agreement is attached as Exhibit "B" to the Complaint. In count two, Defendants allege that the Partnership "and the Defendants" were damaged by the alleged breaches of good faith and fair dealing.  This allegation is sufficient to survive dismissal under Rule 12(b)(6).

Count two of the Amended Answer and Counter-Claim alleges fraud.  Under Rule 9(b) of both the Federal and Mississippi Rules of Civil Procedure, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Analyzing the application of Rule 9(b), the Mississippi Supreme Court held:

> In all averments of fraud, the circumstances constituting the fraud shall be stated with particularity. Fraud will not be inferred or presumed and may not be charged in general terms. The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must be stated. Rule 9(b), Miss. Rules Civ. Proc.; McMahon v. McMahon, 247 Miss. 822, 157 So.2d 494, 495 (1963); Griffith, Mississippi Chancery Practice § 589 (2d ed. 1950).

Brabham v. Brabham, 483 So.2d 341, 342 (Miss. 1986); see also, Shushany v. Allwaste, Inc., 992 F.2d 517, 521 (5th Cir. 1993).

The subject fraud claim clearly fails to meet the pleading standard set forth in Rule 9(b), as interpreted by the Brabham court.  Accordingly, count two of the Amended Answer and Counter-Claim is subject to dismissal.  However, the dismissal would be without prejudice, and Defendants would have the opportunity to move

4

the Court to Amend their Counter-Claim and state the fraud claim with proper specificity. See Hart v. Bayer Corp., 199 F.3d 239, 247 n.6 (5th Cir. 2000)(citation omitted)(holding that "[a]lthough a court may dismiss a claim [under Rule 9(b)], it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."). Dismissal followed by leave to amend is unnecessarily complicated; therefore, the Court will grant Defendants until **January 12, 2006**, to amend count three of their Counter-Claim.  If such amendment is not made within that time, the Court will sua sponte dismiss count three without prejudice.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Dismiss Defendants' Amended Answer and Counter-Claim (docket entry no. 38) is hereby granted in part and is hereby denied in part.  The Motion is granted to the extent that count two of Defendants' Amended Answer and Counter-Claim is dismissed without prejudice.  The Motion is denied to the extent that count one of Defendants' Amended Answer and Counter-Claim is not dismissed.  With regard to count two of Defendants' Amended Answer and Counter-Claim, Defendants are granted until **January 12, 2006**, to amend said count to conform to the pleading requirements for a fraud claim.  If such amendment is not

made within that time, the Court will *sua sponte* dismiss count two without prejudice.

    SO ORDERED this the 3rd day of January, 2006.

                                       <u>s/ William H. Barbour, Jr.</u>
                                       UNITED STATES DISTRICT JUDGE

tct