```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**NATIONAL CORPORATE TAX CREDIT FUND VII**
**AND NATIONAL CORPORATE TAX CREDIT, INC. VII**          **PLAINTIFFS**

**VS.**                                       **CIVIL ACTION NO. 3:04-CV-559BN**

**CURT BUSCHING AND G. C. CORP., INC.**                  **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on four Motions in Limine and one Motion for Protective Order. The Motions are considered under the following subheadings of this Opinion.

**(1) Defendants' Motion in Limine to Exclude Inaccurate References to the "Busching Family"**

Docket Entry No. 81

Through this Motion, Defendants seek to preclude Plaintiffs from referring to the "Busching family" at the trial of this cause. Defendants contend that the "Busching family" was not the owner of the legal interests in issue in this case. At this juncture, the Court does not believe that precluding references to the "Busching family" is feasible at the trial of this case. Therefore, the Court finds that this Motion is HEREBY DENIED.

**(2) Defendants' Motion in Limine to Exclude Inferences of a Conspiracy**

Docket Entry No. 82

Defendants seek to preclude the introduction of evidence of a conspiracy. The Court notes that there is no claim of conspiracy in the subject complaint. Accordingly, any evidence offered purely to support such a claim will not be admitted, and no arguments should be made regarding such evidence. The subject Motion is HEREBY GRANTED.

**(3) Plaintiffs' Motion in Limine to Exclude References to Defendants' Alleged Failure to Read Contract Documents**

Docket Entry No. 84

Plaintiffs seek to preclude Defendants from referencing at trial their alleged failure to read the contract(s) in issue. Defendants respond by alleging that they were not provided all pages of the contract(s). The Court finds that the Motion is HEREBY DENIED to the extent that Defendants will be able to argue that Plaintiffs never forwarded all pages of the contract(s) to them, thus they never were able to read the entirety of the contract(s).

In the Response to these Motion, the issue of parol evidence was raised. The Court withholds ruling on the parol evidence issue at this time. Any required ruling on the issue will be made at trial.

**(4) Plaintiffs' Motion in Limine to Exclude References to Offers of Compromise, Settlement, or Other Negotiations Relating to Settlement**

Docket Entry No. 85

Plaintiffs seek to preclude the introduction at trial of settlement offers.  The Motion is HEREBY GRANTED to the extent that any evidence pertaining solely to offers of compromise will not be admitted at trial.  The Motion is HEREBY DENIED to the extent that evidence which is mixed in nature may be admitted.  That is, if a document or other item of evidence contains both evidence of settlement *and* evidence of an admissible issue, the document or item of evidence may be admitted.  However, the Court will take whatever steps necessary to redact any references and/or inferences pertaining to offers of compromise form the evidence.

SO ORDERED this the 16th day of May, 2006.

                                              s/ William H. Barbour, Jr.
                                              UNITED STATES DISTRICT JUDGE

tct