```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**NATIONAL CORPORATE TAX CREDIT FUND VII
AND NATIONAL CORPORATE TAX CREDIT, INC. VII**                     **PLAINTIFFS**

**VS.**                                            **CIVIL ACTION NO. 3:04-CV-559BN**

**CURT BUSCHING AND G. C. CORP., INC.**                           **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on the following:

1) Defendants' Motion in Limine to Preempt Plaintiffs from Invoking the Rule as to Defense Counsel William Busching, Esq., which was filed with the Clerk of the Court on May 25, 2006, under docket entry no. 93; and

2) Defendants' Motion to Strike Late Production of Documents, which was filed with the Clerk of the Court on May 25, 2006, under docket entry no. 94.

**1)   Motion in Limine to Preempt Plaintiffs from Invoking the Rule as to Defense Counsel William Busching, Esq.**

Through this Motion, Defendants seek a ruling prior to trial as to whether the rule will be invoked as to Defense counsel William Busching. "The rule" referred to by Defendants is embodied in Federal Rule of Evidence, which states:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a

>party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.

Without providing extensive detail, Defendants argue that although attorney Busching may be called as a witness at trial, he should not be excluded from the courtroom during the testimony of others because co-counsel "Staci O'Neal[] is a sole practitioner and losing co-counsel at this juncture will cause substantial hardship to the Defendants." Motion in Limine, ¶ 9.  In support of their position, Defendants cite Rule 3.7(a)(3) of the Mississippi Rules of Professional Conduct, which states "[a] lawyer _shall not_ act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where ... disqualification of the lawyer would work a substantial hardship on the client." (Emphasis added).

The above cited rules place the Court in the predicament of deciding an issue that was not specifically presented in the subject Motion or any other motion.  That issue is whether under Professional Rule of Conduct 3.7(a)(3), Busching should be disqualified as an attorney in this case based on the strong possibility that he will be a witness at trial.  No party disputes that Busching is a likely witness at trial because of work he has done as an attorney on the issues which form the basis of the subject claims.  Also, his capacity as a Busching family member and

2

his resulting personal knowledge of the subject issues render him a likely trial witness.

In the federal courts of Mississippi, the Mississippi Rules of Professional Conduct apply. Rule 83.5 of Uniform Local Rules for the Northern and Southern Districts of Mississippi (stating "[a]n attorney who makes an appearance in any case in the district court is bound by the provisions of the Mississippi Rules of Professional Conduct and is subject to discipline for violation thereof."). To the extent that Defendants contend that Plaintiffs waived any right to enforce the attorney disqualification provisions of Rule 3.7(a), the Court finds that such provisions are not waivable. This holding is based on the purpose of the Rules of Professional Conduct, which is to ensure the integrity of the legal profession and legal process. See generally, Mississippi Rules of Professional Conduct, Scope subsection under the Preamble section (stating that Rules containing verbiage that an attorney "shall" or "shall not" conduct a particular activity "define the proper conduct for purposes of professional discipline.").

Under Rule 3.7(a)(3), Busching cannot be both an attorney who advocates for Defendants at trial and a witness at trial, unless his disqualification would affect a hardship on Defendants. Based on the scant evidence of hardship provided by Defendants, the Court finds that the hardship exception to disqualification does not apply in this case. Accordingly, Busching must be disqualified as

an attorney in this case, unless all parties are willing to stipulate in writing to the Court that Busching will not be called as a witness at trial. This Stipulation may be filed with the Clerk of the Court, if at all, on or before the beginning of the subject trial on Monday, June 5, 2006. The above rulings render moot the issue of invoking the rule as to attorney Busching.

**2)   Defendants' Motion to Strike Late Production of Documents**

Through this Motion, Defendants seek to preclude the introduction at trial of 585 documents which were not produced by Plaintiffs to Defendants until May 24, 2006, less than 2 weeks before trial. The disclosure of this information was clearly outside of the discovery period. Therefore, under Rule 37(c)(1) of the Federal Rules of Civil Procedure, the Court has the authority to preclude introduction of these documents at trial. However, this Rule also grants the Court authority to allow their introduction, if otherwise admissible, if the failure to disclose in a timely manner was "harmless." Id.

The 585 documents in issue are categorized into eighteen groups and are identified by group as P-79 through P-96, on a table attached as Exhibit "A" to Plaintiffs' Response to Defendants' Motion to Strike. Of the eighteen groups, Plaintiffs claim that seventeen are correspondences in which Defendants and/or Defendants' counsel were either authors or the original recipients of the documents. In response to this argument, Defendants state

4

that some of that group of seventeen documents were actually authored by or sent to parties other than Defendants and/or Defendants' counsel.  Although the Court cannot be certain at this stage as to which documents were authored or received by Defendants and/or Defendants' counsel, it is undisputed that many of them were.  Based on this fact, the Court finds that the late disclosure those documents was harmless.

Further, as counsel for Plaintiffs point out, an argument can be made that the documents authored or received by Defendants and/or Defendants' counsel should have been produced *by* Defendants *to* Plaintiffs early in the litigation.  However, this issue need not be considered.  The Court finds that the documents authored or received by Defendants and/or Defendants' counsel will not be precluded from introduction at trial because of the failure to produce them in a timely manner.  The documents which were not authored or received by Defendants and/or Defendants' counsel will be barred from admission at trial because Plaintiffs have provided no reason for the late production, and the Court finds that said late disclosure was not harmless.  The determination as to which documents were or were not authored or received by Defendants and/or Defendants' counsel will be made at the trial of this cause, outside of the presence of the jury.

Through the subject Motion, Defendants seek alternative relief in the event the Motion to Strike is denied in whole or in part.

Based on the above holdings, this prayer for relief must be considered.  Defendants seek in the alternative that the Court allow them to depose Peter Alpert, Esq., on Friday, June 2, 2006.  Alpert is the attorney that formerly represented Plaintiffs, and the person from whom Defendants obtained the 585 documents in issue.  The Court notes that Defendants were offered the opportunity to depose Alpert in the past, and chose not to do so.  The Court therefore finds that this prayer for relief is not well taken and should be denied.  However, Defendants are free to attempt to arrange with Plaintiffs a voluntarily agreed upon deposition of Alpert, if the deposition will not delay the June 5 trial date.

**3)   Conclusion**

Based on the holdings presented above:

IT IS THEREFORE ORDERED that both Defendants' Motion in Limine to Preempt Plaintiffs from Invoking the Rule as to Defense Counsel William Busching, Esq. (docket entry no. 93), and Defendants' Motion to Strike Late Production of Documents (docket entry no. 94) are hereby granted in part and are hereby denied in part, in accordance with the holdings presented above.

SO ORDERED this the 1st day of June, 2006.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

tct